IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3195-FL

| ANTHONY AIKENS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHAPLIN PATRICK HALL, and | ) | |
| OFFICER M.J. FETTER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 30). Plaintiff did not respond to the motion, and in this posture, the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a state pretrial detainee proceeding pro se, commenced this action by filing a complaint on June 21, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants violated his rights under the First and Fourteenth Amendments of the United States Constitution by not allowing him to partake in Eid al-Fitr, a feast following Ramadan. Defendants, sued in their individual capacities, are Chaplain Partick Hall ("Hall") and Sergeant M.J. Fetter ("Fetter"), both employees working in the New Hanover County Jail during the relevant time period. As relief, plaintiff seeks monetary damages and injunctive relief.

Following a period of discovery, and in accordance with the court's case management order, defendants now move for summary judgment. Defendants argue that the undisputed evidence shows plaintiff failed to exhaust his administrative remedies, defendants did not violate plaintiff's constitutional rights, defendants are entitled to qualified immunity, and there is no basis for the state law claim for intentional infliction of emotional distress. In support, defendants rely upon a memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) defendant Fetter's affidavit; 2) Detention Facility Policy 306 governing grievance procedures; 3) the detention facility inmate handbook; 4) Ramadan sign-up notice; 5) plaintiff's grievance log; 6) plaintiff's Ramadan-related grievance appeals log; 7) plaintiff's kiosk activity log; 8) incident reported authored by defendant Fetter; and 9) defendant Hall's affidavit. The court provided plaintiff notice of the motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff, however, did not respond to the motion.

**COURT'S DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must

then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[1]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable

---

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.   Analysis

Defendant has satisfied his burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see Def's Mot. (DE 30); Def's Mem. (DE 31)). The burden therefore shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. Plaintiff has not met this burden where he failed to respond to the instant motion and his original complaint is not verified. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding only verified complaint can defeat an otherwise properly supported motion for summary judgment). Although plaintiff's amended complaint is verified (see DE 12), the statements therein do not create a genuine issue of material fact for the reasons set forth below.

On the current record, the undisputed evidence establishes that plaintiff failed to exhaust his administrative remedies regarding his complaint of not partaking in Eid al-Fitr because the grievance was not timely filed. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006) (providing exhaustion of administrative procedures is mandatory prior to filing complaint); (Fetter Aff. (DE 33-1) ¶¶ 62–62; Def. Ex. A (DE 33-2) § 306.4(A)(2); Def. Ex. B (DE 33-3) at 13; Def. Ex. D (DE 33-5) at 27; Hall Aff. (DE 33-9) ¶¶ 33–35). Plaintiff's verified amended complaint merely addresses the fact plaintiff was not allowed to partake in Eid al-Fitr and argues such a decision violated his constitutional rights. (See Am. Compl. (DE 12)). Nowhere does plaintiff address exhaustion or state his grievance was timely filed. Accordingly, plaintiff failed to exhaust his administrative remedies prior to filing the instant action, and there is no genuine

4

issue of material fact. See Woodford, 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.").

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 30) is GRANTED. Plaintiff's claims are dismissed without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of March, 2024.

_____<br>
LOUISE W. FLANAGAN<br>
United States District Judge